MARY COLE ET AL. *v.* THE ASSOCIATED CONSTRUCTION COMPANY ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

50

Argued January 6—decided March 2, 1954

*Milton Krevolin,* with whom, on the brief, were *Cyril Cole* and *A. Arthur Giddon,* for the appellants (plaintiffs).

*Reuben Sudarsky,* with whom, on the brief, was *Alexander A. Goldfarb,* for the appellee (named defendant).

DALY, J. The plaintiffs, Mary Cole and Morton E. Cole, brought this action against the named defendant and Angelo J. Giardini and Sydney R. Pomer. In the complaint it is alleged that Giardini is a large stockholder and president of the named defendant, hereinafter called the contractor, and that Pomer is treasurer and also a large stockholder. The contractor filed a plea in abatement in which it was alleged that "at the commencement of this action, there was and now is another action pending in the

Superior Court in and for the County of Hartford between the same parties as the parties to this action and for the same cause as that set forth in said complaint." This was denied by the plaintiffs, hereinafter called the owners, in their answer. The trial court found the issues for the contractor, and it was adjudged that the action abate and be dismissed as against it. In their assignment of errors the owners claim that the court erred in failing to make a special finding of facts, as requested by them, until after the time to appeal had expired. They also claim that the court erred in refusing to grant their motion for an extension of time to file and perfect their appeal. Upon argument, however, these claims were abandoned. The principal question is whether the court erred in sustaining the plea in abatement.

In the assignment of errors it is claimed that the court erred in refusing to find material facts set forth in the draft finding and in finding certain facts set forth in the finding. None of the changes sought would directly affect the ultimate facts upon which the judgment depends. No useful purpose would, therefore, be served by correcting the finding. *Beach* v. *First National Bank,* 107 Conn. 1, 4, 138 A. 905.

The finding sets forth the following facts: On July 25, 1952, the contractor brought an action against Morton E. Cole, individually and as trustee, Cyril Cole, individually and as trustee, and Mary Cole. It was returned in September, 1952, to the Superior Court in Hartford County, is still pending, and is herein referred to as the first action. The contractor claimed foreclosure of a mechanic's lien and $25,000 damages under a contract for the construction of a new dwelling in the town of West Hartford for the defendants in that action. On

March 18, 1953, Morton E. Cole, individually, and Mary Cole filed a counterclaim against the contractor alleging fraudulent inducement to enter into, and breach of, the contract, and false representations, negligence and waste in the performance of the contract by the contractor. No attachment or garnishment was requested or made under the counterclaim, which has never been withdrawn and is still pending. The writ in the second, the present, action was dated on the day on which the counterclaim was filed. Service was commenced on March 20, 1953, and the action was returned to the Superior Court in Hartford County in April, 1953.

The plaintiffs in the second action are the same persons as those who filed the counterclaim in the first action. The contractor, one of the defendants in the second action, is the same corporation as the one which brought the first action, in which the counterclaim was filed. Giardini and Pomer, alleged to be the president and the treasurer, respectively, of the contractor, have been joined with it as defendants in the second action. The construction contract dated June 1, 1951, referred to in the counterclaim, is the same contract as that referred to in the complaint in the second action. In the second action the complaint alleges a conspiracy by the defendants, the contractor and its officers, Giardini and Pomer, to defraud the plaintiffs, Morton E. Cole and Mary Cole, in respect to the contract and its performance, fraudulent inducement to enter into, and breach of, the contract by the contractor, and false representations, negligence and waste in the performance of the contract by the contractor. Garnishments in the second action were made upon the funds of the contractor in various banks in Hartford in the amount of $60,000; no attachment or

garnishment was made upon the funds or properties of the codefendants Giardini and Pomer. Upon an application of the contractor made on March 24, 1953, to a judge of the Superior Court to reduce the garnishments, on the ground that they were excessive, oppressive, vexatious and abusive of process, the judge found that they were excessive by $55,000 and reduced them to $5000. On April 8, 1953, the contractor filed the plea in abatement to the second action.

The trial court concluded that the counterclaim in the first action and the complaint in the second action involve the common parties, the owners and the contractor; that, as between these common parties, the cause of action alleged in the counterclaim in the first action and that alleged in the complaint in the second action are the same; that, as to the contractor, the second action is abatable; and that neither the fact that Giardini and Pomer are defendants in the second action nor the use of the word "conspiracy" in various allegations of the complaint in it affected the abatement of it so far as the common party, the contractor, is concerned. The owners concede that the allegations of their counterclaim in the first action set forth a cause of action. They maintain, however, that it is not the same cause of action as that set forth in their complaint in the second action. In considering this, we are not called upon to compare the allegations in the complaint in the first action with those in the complaint in the second action. The comparison must be made between the allegations in the complaint in the second action and those in the counterclaim in the first action. The owners' point is that the cause of action alleged in the complaint in the second action is conspiracy to defraud and that it sounds in tort, but

that the cause of action alleged in the counterclaim in the first action is ex contractu.

There can be no question that the counterclaim in the first action sounded in tort. As has already been indicated, it alleged that the contractor had, by fraudulent representations, induced the owners to enter into the contract and that it was guilty of false representations, negligence and waste in the performance of the contract. That is not the statement of a cause of action based only on a claimed breach of contract. The complaint in the second action contained essentially the same allegations. The only difference between the two pleadings is that it is alleged in the complaint that the contractor and the other defendants conspired to do the acts, whereas in the counterclaim no mention of conspiracy is made. Accurately speaking, however, there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself. *Santoro* v. *Mack,* 108 Conn. 683, 693, 145 A. 273; *Wyeman* v. *Deady,* 79 Conn. 414, 417, 65 A. 129; *Kimball* v. *Harman,* 34 Md. 407, 409; *Hanover Fire Ins. Co.* v. *Furkas,* 267 Mich. 14, 21, 255 N.W. 381; 11 Am. Jur. 577. The allegation as to conspiracy brings no strength to the declaration, for it shows no additional cause of action. *Austin* v. *Barrows,* 41 Conn. 287, 300. The cause of action contained in the counterclaim in the first action is the same as that set forth in the complaint in the second action.

The owners claim that the plea in abatement should not have been sustained because in the second action Giardini and Pomer are joined as defendants with the contractor, whereas in the counterclaim the cause of action alleged is against the contractor alone. It

is not material that there are additional parties defendant in the second action, since a judgment against the contractor upon the counterclaim in the first suit would be predicated upon the same facts as are relied upon in the second suit; that is, the ground of liability alleged against the contractor in the counterclaim in the first suit is the same as that alleged against it in the second suit. Clearly, the owners would not be entitled to a judgment against the contractor upon the counterclaim in the first action and to one against it upon the complaint in the second action. *Beyersdorf* v. *Sump,* 39 Minn. 495, 498, 41 N.W. 101. The common party, the contractor, may assert the pendency of the counterclaim in the first action although new parties are added in the second action. *Rehman* v. *New Albany Belt & Terminal R. Co.,* 8 Ind. App. 200, 202, 35 N.E. 292; *Chapple* v. *National Hardwood Co.,* 234 Mich. 296, 297, 207 N.W. 888; *Gause* v. *Boldt,* 49 Misc. 340, 347, 99 N.Y.S. 442, aff'd, 188 N.Y. 546, 80 N.E. 566; 1 Am. Jur. 33, § 25.

The owners contend that, because they have a garnishment of $5000 of the funds of the contractor in the second action and no garnishment or attachment to secure any judgment upon the counterclaim in the first action, they will be deprived of an advantage which the law intended they should have if the second action is abated as against the contractor. In connection with the counterclaim, they may apply to the court for an order for attachment of the estate of the contractor, and the court may issue such an order. The estate then attached would be held to respond to the final judgment upon the counterclaim in the same manner as if it had been attached in an action originally brought for the recovery of the amount claimed in the counterclaim. General Statutes § 8070. It is true that ordinarily an action will

not be abated on the ground that another action is pending when to abate the action would deprive a plaintiff of the advantage of an attachment. *Brochin* v. *Connecticut Importing Co.,* 137 Conn. 350, 353, 77 A.2d 336. The basic reason for abating a suit on the ground that another is pending, however, is that there cannot be any reason or necessity for bringing the second action and therefore it must be oppressive and vexatious. *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682, 136 A. 586. Accordingly, the only justification for refusing to abate an action because an attachment has been made is that, by the abatement, the creditor will be deprived of an advantage which he has fairly obtained. See *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388, 393, 185 A. 82. In the present instance, the owners could have so easily procured the advantage of the garnishment which they did obtain in the second action by getting an order for attachment in connection with their counterclaim in the first action that to institute the second action merely for the purpose of making a garnishment was unreasonable. The advantage which accrued to them from the garnishment was not one fairly obtained. Consequently, the fact that they had such an advantage does not stand in the way of the abatement of the present action.

There is no error.

In this opinion the other judges concurred.