NORTHERN HOMES DISTRIBUTORS, INC., ET AL. *v.*
ELAINE B. GROSCH
(8329)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued April 16—decision released June 19, 1990

*Michael A. D'Amico,* for the appellant (defendant).

*J. Jude Antoinetti,* with whom was *Robert E. Ghent,* for the appellees (plaintiffs).

NORCOTT, J. This appeal arises out of the dismissal of the defendant's counterclaim in the plaintiffs' action for the collection of monies due on certain promissory notes. The dispositive issue is whether the prior pending action doctrine bars the defendant from bringing her counterclaim in the plaintiffs' action while a previous action instituted by her is still pending.[1]

The following facts are relevant to this appeal. Elaine B. Grosch and Donald Ghent entered into an agreement in which Grosch agreed to buy a parcel of land from Donald Ghent, and he agreed to build condominiums for resale by Grosch. As a result of conflicts arising from this agreement, Grosch instituted an action against Donald Ghent, asserting claims of breach of contract, misrepresentation, fraudulent inducement, violation of the Connecticut Unfair Trade Practices Act,

---

[1] The plaintiffs in the action that is the subject of this appeal are Donald Ghent, Northern Homes Distributors, Inc., and Laurine Ghent. Only Donald Ghent was named as the defendant in the original action.

breach of fiduciary duty, and breach of implied convenant of good faith and fair dealing.

Subsequently, the plaintiffs, Donald Ghent, Laurine Ghent and Northern Homes Distributors, Inc., instituted the present action against Grosch, seeking to collect monies due on several promissory notes signed during the course of the purchase of land and construction of the condominiums. Grosch filed a counterclaim in this action. The first twenty-three counts of Grosch's counterclaim are identical to counts one through twenty-three of Grosch's original complaint. The next twenty-three are identical to counts one through twenty-three of Grosch's original complaint, the only alteration being that they are asserted against Northern Homes Distributors, Inc., and add an additional count seeking to hold Donald Ghent liable on these counts as the alter ego or instrumentality of Northern Homes. No counterclaim was asserted against Laurine Ghent.

The plaintiffs moved to dismiss Grosch's counterclaim on the basis of the prior pending action doctrine, and the trial court granted that motion.[2] This appeal ensued.

The defendant claims that the trial court should not have dismissed her counterclaim on the basis of the prior pending action doctrine. We do not agree.

"By 1850, it was already 'well settled, that the pendency of a prior suit between the same parties, for the same thing, [would generally] abate a latter suit; because, in such a case, the last is deemed to be unnecessary, and therefore vexatious.' *Quinebaug Bank* v. *Tarbox,* 20 Conn. 510, 515 (1850)." *Kolodney* v. *Kolodney,* 2 Conn. App. 697, 699–700, 483 A.2d 622

---

[2] The defendant moved for articulation and rectification, and that motion was denied. The defendant did not raise that denial as an issue in this appeal. We note that review of such an order is available only by a motion for review pursuant to Practice Book § 4054.

(1984); see also *Halpern* v. *Board of Education,* 196 Conn. 647, 652, 495 A.2d 264 (1985). "When two separate lawsuits are 'virtually alike' the second suit is generally dismissed on the basis of the prior pending action doctrine. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981)." *Planning & Zoning Commission* v. *Campanelli,* 9 Conn. App. 534, 536, 520 A.2d 242 (1987); *Halpern* v. *Board of Education,* supra, 652. "We must examine the pleadings to ascertain whether the actions are 'virtually alike' "; *Halpern* v. *Board of Education,* supra, 653; that is, whether upon examination, the pleading reveals that the party seeks to "obtain the same end or object"; *Planning & Zoning Commission* v. *Companelli,* supra, 536; and to adjudicate the same underlying rights. *Halpern* v. *Board of Education,* supra, 655.

The defendant first asserts that the prior pending action doctrine cannot be applied in this situation. Contrary to the defendant's contention, the prior pending action doctrine applies with equal force to counterclaims. *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 53, 103 A.2d 529 (1954). In this instance, the court must compare the allegations made in the counterclaim with those contained in the complaint brought by the party bringing the counterclaim. Id. If the counterclaim and the party's complaint contain "essentially the same allegations," the latter of the two must be dismissed. Id., 54.

In comparing the defendant's counterclaim in this case to her original complaint, we conclude that the trial court correctly determined that they were "virtually alike." In both actions, Grosch seeks to have the same claims adjudicated, and ultimately seeks to hold Donald Ghent liable. Her contention that the parties in her counterclaim are different from those in the original complaint does not survive scrutiny. While it is true

that her counterclaim includes counts against Northern Homes Distributors, Inc., and her complaint did not, she has also added a count to her counter-claim asserting that Donald Ghent is liable as the "alter ego" of Northern Homes Distributors, Inc. Hence, although on its face, her counterclaim may appear to be against two parties, the defendant's *ultimate goal* in both actions is to hold Donald Ghent liable on these claims. See *Halpern* v. *Board of Education,* supra, 651.

Our Supreme Court has held that superficial differences are not enough to overcome dismissal under the prior pending action doctrine. In *Halpern,* the trial court found that the factual allegations made by the party in the two actions were identical and the ultimate goals in both were similar. The trial court dismissed the second action on the basis of the prior pending action doctrine. Id., 649. Our Supreme Court upheld the trial court's holding that, even though the remedy sought in the second action differed from that sought in the first action, the difference was "of no significant consequence. The *ultimate goals* in both cases [were] not dissimilar." (Emphasis added.) Id., 651. "The prior pending action doctrine has evolved as a 'rule of justice and equity'; *Hatch* v. *Spofford,* 22 Conn. 485, 494 (1853); and retains its vitality in this state, in which 'joinder of claims and of remedies is permissive rather than mandatory.' " Id., 652.

In this case, the defendant's counterclaim was appropriately dismissed under the prior pending action doctrine. "[T]he 'same underlying rights' . . . which the [defendant] asserted in the second action would be adjudicated and necessarily determined in the prior pending action." Id., 655. The defendant does not argue that the remedy in the prior pending action would be inadequate or incomplete; see id., 655; but rather seeks the

same remedy in her counterclaim. "[T]he result of the second action 'would be mutual to the relief sought in the [first action].' " Id., 654.

The judgment is affirmed.

In this opinion the other judges concurred.