BCBS Goshen Realty, Inc. *v.* Planning and Zoning Commission of the Town of Goshen et al.
(8574)

Spallone, O'Connell and Lavery, Js.

Argued April 17—decision released July 24, 1990

*Peter M. Sipples,* with whom, on the brief, was *Susan L. Jacobs,* for the appellant (plaintiff).

*Duncan J. Forsyth,* with whom, on the brief, was *Kevin J. Pohl,* for the appellees (defendants).

O'Connell, J. The plaintiff appeals to this court from the dismissal of its administrative appeal from the named defendant's[1] adoption of zoning regulations. The

---

[1] The defendants are the planning and zoning commission and the clerk of the town of Goshen.

regulations were the first ever enacted in Goshen. The question presented is whether the trial court correctly applied the prior pending action doctrine.[2]

The facts are not in dispute. In August, 1983, the town of Goshen adopted new zoning regulations, and the plaintiff took a timely appeal therefrom pursuant to General Statutes §§ 8-8 and 8-9. Subsequently, the plaintiff intervened as a party plaintiff in a declaratory judgment action initiated by another property owner challenging the new regulations. The plaintiff thus became a party to two separate actions, the goal of each being to invalidate the town's new zoning regulations. The defendants moved to dismiss the appeal on the ground that it was duplicative of the declaratory judgment action. The trial court agreed and dismissed the appeal, leaving the declaratory action pending. The plaintiff appealed.

Connecticut has long recognized that "two suits shall not be brought for the determination of matters in controversy between the same parties, whether relating to legal or equitable rights, or to both, when such determination can be had as effectually and properly in one suit." *Welles* v. *Rhodes,* 59 Conn. 498, 503, 22 A. 286 (1890); see also *Quinebaug Bank* v. *Tarbox,* 20 Conn. 510, 515 (1850). "[W]hen two separate lawsuits are 'virtually alike' the second action is amenable to dismissal by the court." *Solomon* v. *Aberman,* 196 Conn. 359, 382, 493 A.2d 193 (1985); *Halpern* v. *Board of Education,* 196 Conn. 647, 652, 495 A.2d 264 (1985); *Northern Homes Distributors, Inc.* v. *Grosch,* 22 Conn. App.

---

[2] The plaintiff raises the following claims: "(1) Is a challenge to the enactment of zoning regulations, which challenge is premised, in part, on insufficiency of the record evidence, properly resolved by an action for Declaratory Relief or by an appeal taken pursuant to Chapter 124 of the Connecticut General Statutes? (2) Did the Superior Court wrongly reject subject matter jurisdiction over Plaintiff's appeal when it granted Defendants' Motion to Dismiss?"

93, 96, 575 A.2d 711 (1990). The plaintiff's arguments to the contrary notwithstanding, both of the actions here seek a judicial determination of the validity of the zoning regulations. We are unable to discern any material distinction between the relief sought by the plaintiff in one action and that sought in the other. See *Northern Homes Distributors, Inc.* v. *Grosch,* supra, 96–98.

If the declaratory judgment action had been commenced first, we would not question the propriety of dismissing the zoning appeal under the prior pending action doctrine. See *Solomon* v. *Aberman,* supra. The trial court's dismissal of what was sequentially the prior action is not, however, necessarily improper. The prior pending action doctrine is not a rule of " ' "unbending rigor, nor of universal application, nor a principle of absolute law." ' " *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 114, 438 A.2d 834 (1981). The doctrine does not implicate the court's subject matter jurisdiction but rather is a rule of justice and equity; *Nielsen* v. *Nielsen,* 3 Conn. App. 679, 682, 491 A.2d 1112 (1985); the purpose of which is to avoid "oppressive and vexatious" litigation. *Solomon* v. *Aberman,* supra, 383.

In view of the doctrine's flexibility, we must determine whether the trial court was correct in dismissing the zoning appeal, although it was filed first in time. Our law recognizes that an action for a declaratory judgment is preferable to an appeal to the Superior Court. "[D]eclaratory judgment proceedings are appropriate for determining jurisdictional issues or questions concerning the validity of the regulations of an administrative agency, while questions concerning the correctness of an agency's decision in a particular case or of the sufficiency of the evidence can properly be resolved only by appeal." *Aaron* v. *Conservation Commission,* 178 Conn. 173, 178, 422 A.2d 290 (1979).

Moreover, this court has recognized that a declaratory judgment action is the proper proceeding in which to challenge the validity of an ordinance or regulation. *Cristofaro* v. *Planning & Zoning Commission,* 11 Conn. App. 260, 262, 527 A.2d 255, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987). Since the plaintiff is questioning the validity of Goshen's entire body of planning and zoning regulations, it is apparent that a declaratory judgment action is the more appropriate legal proceeding.

We are satisfied that the trial court acted in a manner consistent with the underlying purpose of the prior pending action doctrine. In dismissing the plaintiff's appeal, the court avoided a multiplicity of lawsuits while ensuring that the plaintiff's claims were properly addressed in a declaratory judgment action.

The judgment is affirmed.

In this opinion the other judges concurred.