[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The following facts are alleged in the complaint. On July 29, 1987, the plaintiff, Connecticut National Bank, formerly Chester Bank, entered into a loan agreement with Fred F. Copeland, Sr. (the "decedent"). The decedent died on July 6, 1990. On the date of his death, the decedent owed the plaintiff $249,000.00.
The plaintiff timely presented a claim against the estate of the decedent. On March 20, 1992, the plaintiff received notice from the administrator of the decedent's estate that the plaintiff's claim had been disallowed in part. No part of the $249,000.00 has been paid to the plaintiff.
The defendant, Sandi Copeland, administratrix of the decedent's estate, now moves to dismiss this action under the prior pending action doctrine.
 "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court. Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981)." CT Page 6979 Solomon v. Aberman, 196 Conn. 359, 382, 493 A.2d 198 (1985); Halpern v. Board of Education, [196 Conn. 647, 652, 495 A.2d 264 (1981)]. The prior pending action doctrine has evolved as "a rule of justice and equity"; Hatch v. Spofford, 22 Conn. 485, 494 (1853); and retains its vitality in this state in which "joinder of claims and of remedies is permissive rather than mandatory." Solomon v. Aberman, supra.
 This rule of justice and equity is always applicable when two suits are virtually alike and are brought in the same jurisdiction. [Citation omitted.] We have explained the doctrine as follows: "`It is so, because there cannot be any reason or necessity for bringing the second [lawsuit], and, therefore, it must be oppressive and vexatious.'" Dettenborn v. Hartford-National Bank Trust Co., [121 Conn. 388, 392, 185 A. 82 (1936)], quoting Hatch v. Spofford, supra. "`The rule forbidding the second action is not, however, one "of unbending rigor, nor of universal application, nor a principle of absolute law . . . ." Hatch v. Spofford, supra.' [Citations omitted.]" Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., supra, 113; Halpern v. Board of Education, supra, 653. "We must examine the pleadings to ascertain whether the actions are `virtually alike.' See Solomon v. Aberman, supra, 383." Halpern v. Board of Education, supra.
Beaudoin v. Town Oil Co., 207 Conn. 575, 583-84,542 A.2d 1124 (1988).
A determination of whether the pleadings are virtually alike must include an examination of whether "the party seeks to `obtain the same end or object'; Planning Zoning Commission v. Campanelli, [9 Conn. App. 534], 536[,520 A.2d 242 (1987)]; and to adjudicate the same underlying rights. Halpern v. Board of Education, supra, 655." Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93,96, 575 A.2d 711 (1990). "Our Supreme Court has held that superficial differences are not enough to overcome dismissal under the prior pending action doctrine." Id., 97. "Superficial differences in the parties are not enough to CT Page 6980 overcome dismissal under the prior pending action doctrine." Gaudio v. Gaudio, 23 Conn. App. 287, 296, 580 A.2d 1212
(1990).
The plaintiff concedes in its memorandum in opposition to the defendant's motion to dismiss that it is seeking to collect on the same note which was the subject of a prior action entitled Connecticut National Bank v. Copeland, docket number CV 91-64114-S. The prior action was dismissed by the court on the ground that the action was not brought within the time allowed by General Statutes Sec.45a-363(b). Connecticut National Bank v. Copeland,6 Conn. L. Rptr. 297 (April 7, 1992, Austin, J.). The prior action is now on appeal to the Appellate Court.
The plaintiff argues that there is a new issue in the present action in that the administratrix has now formally denied the plaintiff's claim while in the prior action the administratrix was merely deemed to have denied the plaintiff's claim by the passage of time. The plaintiff argues that the administratrix has now waived the late filing of the prior action by serving the plaintiff with a disallowance of the plaintiff's claim.
The prior action and the present action are virtually identical because they both seek collection on the same note from the same entity. The fact that the administratrix formally denied the plaintiff's claim after the administratrix was deemed to have denied the plaintiff's claim by the passage of time does not distinguish the present action from the prior action. Additionally, the court in the prior action considered the effect of the formal denial in ruling on the plaintiff's motion to reopen. Connecticut National Bank v. Copeland, 6 Conn. L. Rptr. 534, 535 (June 5, 1992, Austin, J.).
Accordingly, the motion to dismiss is granted.
HIGGINS, J.