[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
On April 2, 1992, the plaintiff, New Haven savings Bank ("the Bank"), filed a complaint against, inter alia, defendant Robert Santamaria. The Bank alleges, inter alia, that on October 11, 1990, defendants William Litwin Enterprises ("the Partnership"), a Connecticut General Partnership by defendants William Litwin, Marcia Litwin, Charles Tusa, Trustee, and Frank Gilbride, III, Trustee, promised to pay the Bank $100,000.00, plus interest, as provided by a note. To secure said note, the defendants mortgaged to the Bank property located on Ore Hill Road in Kent, Connecticut. The Partnership allegedly defaulted on its payments to the Bank and, consequently, the Bank commenced this foreclosure action. Defendant Santamaria claims an interest in the mortgaged premises by virtue of both a Lis Pendens and an attachment from the Partnership to him.
On April 27, 1992, defendant Santamaria filed an answer, a special defense and a counterclaim to the complaint, and said counterclaim is the subject of this CT Page 7958 motion to dismiss. In count one of the counterclaim, defendant Santamaria alleges that defendant William Litwin Enterprises, Inc. ("the Corporation") was the mere instrumentality of defendant William Litwin. Defendant Litwin allegedly exercised control over the Corporation such that the Corporation had no separate will or existence of its own.
Defendant Santamaria further claims that on June 16, 1988, in consideration for and to induce Mr. Santamaria to act as a limited guaranty on a construction mortgage loan in favor of the Corporation, defendants Santamaria, William Litwin and Marcia Litwin entered into an indemnity agreement, pursuant to which the Litwins agreed to hold harmless defendant Santamaria regarding all damages, losses, claims, etc., arising from the aforesaid guaranty. This indemnity agreement was to be secured by a mortgage on all property owned by the Partnership located on the previously mentioned Ore Hill Road in Kent, Connecticut.
Defendant Santamaria alleges that on October 11, 1990, the Partnership executed a note in the amount of $100,000.00, secured by a mortgage on the subject premises. Said note and mortgage are the subject of the present action brought by the Bank. Mr. Santamaria also alleges that said mortgage was made with the intent to deprive him of his rightful priority on the property and to avoid the Partnership's obligations to Santamaria, thereby defrauding Mr. Santamaria. Mr. Santamaria further claims that the bank knew that the Partnership was obliged and indebted to defendant Santamaria, and by accepting the aforementioned conveyance, the Bank aided, abetted and conspired with the Partnership for the Partnership's unlawful purposes.
In count two of the counterclaim, defendant Santamaria repeats the aforesaid allegations and further claims that the Bank's previously mentioned acts constitute unfair or deceptive acts in the conduct of trade or commerce in violation of General statutes Section 42-110a et seq., Connecticut's Unfair Trade Practices Act ("CUTPA").
The allegations set forth in defendant Santamaria's counterclaim are essentially identical to those put forth in Santamaria v. William Litwin Enterprises, DN CV-91 0056805S, ("Santamaria"), currently pending before this court.
On May 4, 1992, the plaintiff here filed a motion to dismiss the counterclaim and attached thereto a supporting memorandum. On May 6, 1992, the defendant filed a memorandum in opposition to the motion to dismiss. CT Page 7959
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert the existence of a prior pending action. Conti v. Murphy, 23 Conn. App. 74, 177, 579 A.2d 576 (1990). Furthermore, the prior pending action doctrine applies equally to claims and counterclaims. See, e.g., Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93, 96,575 A.2d 711 (1990).
The plaintiff, in its memorandum in support of its motion to dismiss the counterclaim, claims that Santamaria, supra, constitutes a prior pending action and, accordingly, this counterclaim, setting forth identical allegations, should be dismissed. The defendant, in its memorandum, claims that the plaintiff here, the Bank, seeks a foreclosure of a note and mortgage to the defendant Partnership, while he, in Santamaria, supra, seeks damages for fraudulent conveyance, breach of contract and violation of CUTPA against the Partnership, the Corporation, William Litwin and the Bank. Therefore, the defendant claims, the two cases are for different purposes and involve different issues and parties and, accordingly, the prior pending action doctrine is not implicated here.
The prior pending action doctrine states that "`when two separate lawsuits are "virtually alike" the second action is amenable to dismissal by the court.'" Conti, supra, 178, quoting Halpern v. Board of Education, 196 Conn. 647,652, 495 A.2d 264 (1985). The justification for such dismissal is that a second lawsuit of the same character, between the same parties, to obtain the same end is "`oppressive and vexatious.'" Henry F. Raab Connecticut, Inc. v. J. W. Fisher Co., 183 Conn. 18, 112, 438 A.2d 834
(1981) (citations omitted). However, the rule does not apply "when the two actions are for different purposes or ends or involve different issues. . .or where there is not a strict identity of the parties . . . ." Conti, supra, 178-79 (citations omitted).
As was noted, supra, the counterclaim alleges that the Corporation, the Partnership, William Litwin and the Bank engaged in fraudulent and CUTPA violative activities. In Santamaria, supra, count two pertains to the alleged fraudulent misrepresentation by the Partnership; count four relates to a fraudulent conveyance with regard to both the Bank and the Partnership; count five alleges a CUTPA claim against the Partnership; count six sets forth a CUTPA claim against the Bank; and count seven sets forth a CUTPA claim against Litwin. Furthermore, in both Santamaria, supra, and the counterclaim in this matter, Mr. Santamaria seeks, inter CT Page 7960 alia, damages and the setting aside of the mortgage to the Bank.
Thus, it appears to this court that the claims against the plaintiff Bank in the counterclaim are virtually identical to those put forth in Santamaria, supra. Additionally, the present counterclaim and Mr. Santamaria's claims in Santamaria, supra, are of the same character and to obtain the same end. Henry F. Raab Connecticut, Inc., supra.
Furthermore, the "strict identity of the parties" aspect of the prior pending action rule should pertain to the parties against whom identical allegations are made. Thus, the fact that in Santamaria, supra, Mr. Santamaria has set forth other allegations against additional defendants does not require this court to find that there is no strict identity of the parties. Rather, because the allegations raised in Santamaria, supra, are identical to those directed against the same individuals here, there is a strict identity of the parties sufficient to satisfy Conti, supra.
Mr. Santamaria, in his counterclaim, alleges fraudulent conveyances and CUTPA violations against various defendants, all of whom are the targets of similar allegations in Santamaria, supra. Additionally, Mr. Santamaria seeks, essentially, the same redress for his allegations. Thus, the prior pending action doctrine is applicable here, and consequently, the motion to dismiss is granted.
PICKETT, J.