[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS ROBERT ZAMPANO AND CHOICE DESIGN, INC. TO DISMISS (#107)
This action was commenced in the Judicial District of Waterbury on June 26, 1992 by the plaintiffs Albert Cash and Elena Cash. Named as defendants are Robert Zampano, Dorothy Zampano and Choice Design, Inc. This action alleges in the first count that the named individual parties are the directors of the defendant corporation and that the directors are deadlocked in the management of the corporation. The second count alleges, in addition to Albert and Elena Cash being directors, that Albert Cash is the holder of at least one-tenth of the voting power, and that the defendant corporation's assets CT Page 9454 are in danger of waste through attachment, litigation or otherwise. The complaint seeks the appointment of a receiver and a decree dissolving the defendant corporation. On August 5, 1992 Judge Kulawiz transferred this case to the Judicial District of New Haven.
On June 11, 1992 Robert Zampano brought suit in the New Haven Judicial District against Albert Cash, Elena Cash, Enzo Finelli, who is alleged to be Elena Cash's son, three corporations alleged to be operated by members of the Cash family, and Choice Designs, Inc., (Zampano v. Cash, et al, Docket No. CV9200334350S, Judicial District of New Haven). This suit alleges that some or all of the defendants have breached fiduciary duties; engaged in self dealing; unjustly enriched themselves to the detriment of Choice Design, Inc.; violated the provisions of CUTPA; and committed acts justifying a shareholder's derivative action. By way of relief the plaintiff seeks injunctive relief restraining the defendants from self dealing, appropriating corporate opportunity and wasting corporate assets of Choice Design, Inc.; an accounting by all defendants of all damages caused by them, and all profits, special benefits, and unjust enrichment they have obtained as a result of their unlawful conduct, and imposing a constructive trust thereon; money damages; and punitive damages; and costs and attorney fees.
Before the court is the defendants' Choice Design and Robert Zampano's motion to dismiss this case under the doctrine of prior pending action. Appropriate memoranda have been filed by the moving defendants in support of the motion to dismiss, and by the plaintiffs in opposition.
The movants argue that this suit is substantially the same as Zampano v. Cash, the earlier action Zampano brought against Cash, et als. The plaintiffs claim, in response, that the doctrine of prior pending action is inapplicable because: (1) the actions are not between entirely the same parties; and (2) the issues raised and relief sought in each case differ.
The motion to dismiss due to a prior pending action is a common law, not statutory doctrine. Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264 (1985). "It has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court. The prior pending action doctrine has evolved as a `rule of justice and equity,' and retains its vitality in this state. . . ." CT Page 9455 Id. The purpose of the motion is to provide an equitable relief to subsequent suits that are so similar to a pending action as to be "oppressive or vexatious." Id. For the doctrine to be properly invoked, the pending suit must be: (1) within the same state; (2) between the same parties; and (3) for the purpose of litigating the same issue. Id. 652-53.
To decide if the issues in the earlier action differ from those in the latter, the court must look to the pleadings to determine whether the actions are "virtually alike." Halpern v. Board of Education, supra, 653. "[T]hat is, whether upon examination, the pleading[s] reveal that the part[ies] seek
to obtain the same end or object and to adjudicate the same underlying rights." Northern Homes Distributors, Inc. v. Grosch,22 Conn. App. 93, 97, 575 A.2d 711 (1990). "If it finds that the two suits are virtually alike, the second suit is generally dismissed on the basis of the prior pending action doctrine." id.
 The mere fact that an action is pending between the parties which has, or may have, some relationship to a second action is not in itself grounds to abate the second action. The law is to some degree obscure and there is no clear, definite and workable rule to be applied generally. . . .
 In answering he question . . . the purpose of the rule must be borne in mind. Unless the plaintiff is prepared to show a valid reason for the second action, the maintenance of the second action can only be regarded as unnecessary and vexatious and it should be abated to eliminate harassment of the defendant.
E. Stephenson, 1 Connecticut Civil Procedure 104(b).
The court must look to the "ultimate goals" of the actions. Northern Homes Distributors Inc. v. Grosch, supra, 97, and determine whether "[t]he same underlying rights . . . asserted in CT Page 9456 the second action would be adjudicated and necessarily determined in the prior action." Id.
The first case filed, Zampano v. Cash, names some persons who are not parties to Cash v. Choice Design. However, there is no requirement of complete identity of the parties. Cole v. Associated Construction Co., 141 Conn. 49, 54-55, 103 A.2d 529
(1954). Where there are parties to the pending action who are not parties to the subsequent action, or vice versa, the doctrine is properly applied to those parties who are common to both actions. Id. Thus, the doctrine of prior pending action applies despite the fact that there is not complete identity of the parties in the two actions.
While Zampano and Choice Design have shown the existence of two actions in this state between substantially the same parties, the court is of the opinion that the prior pending action doctrine is inapplicable in this case because the issues in Cash v. Choice Design differ from those in Zampano v. Cash.
In Zampano v. Cash, plaintiff Zampano alleges several claims against various defendants in their capacities as officers and directors of Choice Design. To prevail in his action, Zampano must prove, among other things, that the defendants profited by usurping a corporate opportunity; and that the defendants caused Choice Design harm by violating a fiduciary relationship; that the defendants caused Choice Design harm by unfairly or deceptively engaging in trade or commerce.
In contrast, in Cash v. Choice Design, the plaintiffs need only prove that plaintiff Albert Cash is a shareholder with sufficient interest to seek an involuntary dissolution; and that Choice Design's board of directors is hopelessly deadlocked. If the plaintiffs prevail in their action, the court will order Choice Design dissolved and its assets allocated.
In the action previously brought by Zampano, it will be unnecessary to prove the details of Cash's shareholdings in Choice Design. Also, it will be unnecessary to prove the existence of a deadlocked board or directors. However, in Cash v. Choice Design, Cash must prove both of these facts. The underlying rights which must be "adjudicated and necessarily determined" in these two actions are patently distinct.
Given the nature and type of issues to be proved in each CT Page 9457 case, the prior pending action doctrine does not apply to this action. The court also points out that the alternative suggestion made by the moving parties on this motion that this action be transferred from the Judicial District of Waterbury to the Judicial District of New Haven to facilitate consolidation of this case with Zampano v. Cash has now been accomplished.
Accordingly, the motion to dismiss is denied.
William L. Hadden, Jr., Judge