[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dante Nardini, filed a complaint on August 2, 1991, seeking a declaratory judgment to determine whether a conveyance of certain premises between the plaintiff and co-defendant Timothy Burke was void. This determination is crucial to resolving whether or not co-defendant Connecticut Insurance Placement Facility must honor an insurance claim submitted by the plaintiff who seeks proceeds for fire damages to the insurable interest.
On September 25, 1991, the defendant Connecticut Insurance Placement Facility (hereinafter "the defendant") filed a motion to dismiss the action on the grounds that the plaintiff had failed to give notice to all persons with an interest in the premises which, defendant argues, should deprive the court of jurisdiction pursuant to Conn. Practice Book 390. Alternatively, the defendant moves to dismiss the action based on a prior pending action between defendant and the plaintiff in which plaintiff is suing for the proceeds of a fire insurance policy. Defendant asserts that in order for plaintiff to recover in the prior action, the court must determine the validity of the claimed conveyance between the plaintiff and co-defendant Burke. CT Page 3017
As required by Conn. Practice Book 142, the defendant has filed a memorandum in support of its motion to dismiss. The plaintiff, pursuant to Conn. Practice Book 143, has timely filed a memorandum in opposition.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989). The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) Improper Venue; (4) insufficiency of process; (5) insufficiency of service of process. Zizka v. Water Pollution Control Authority, 195 Conn. 682,686, 490 A.2d 509 (1985).
A declaratory judgment action is a special proceeding under Conn. General Statutes 52-29, as implemented by 389 and 390 of the Practice Book. Rhodes v. Hartford, 201 Conn. 89, 92,513 A.2d 124 (1986). There must be an issue in dispute or uncertainty of legal relations which requires settlement between the parties. Doublewal Corporation v. Toffolon, 195 Conn. 384,391-392, 488 A.2d 444 (1985). Further, the pleadings must be closed before declaratory judgments can be granted. Id., 391-93.
Conn. Practice Book 390 provides that "the court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action, or have reasonable notice thereof." Christofaro v. Burlington, 217 Conn. 103,109-10, 584 A.2d 1168 (1991), quoting Practice Book 390.
The defendant argues that the plaintiff has failed to meet the requirements of Conn. Practice Book 390(d) because the plaintiff has failed to name as defendants or to give notice to entities and individuals with interest in the premises without whose interests full adjudication cannot be had. The defendant further argues that the plaintiff has failed to name or give notice to mortgagees, assignees and lienors to the property. Finally, the defendant argues that the plaintiff neglected to give notice to parties to a sale contract entered into by co-defendant Timothy Burke for the premises.
The plaintiff argues that a failure to notify a party is not grounds for dismissal. The plaintiff contends that dismissal at CT Page 3018 this point in the action is premature because, pursuant to Conn. Practice Book 100, 157 and 198, no action shall be defeated by the nonjoinder or misjoinder of parties. According to the plaintiff, new parties may be added at any stage of the cause, therefore the motion to dismiss is inappropriate.
The plaintiff is correct in its citation of pertinent Practice Book sections as they relate to nonjoinder of parties. However, plaintiff's application of these Practice Book sections is misguided when the issue addressed is a strict statutory cause of action, as in the present case, as opposed to nonjoinder of parties which is irrelevant to the above-captioned case.
Plaintiff relies on Gottier v. New Hampshire Ins. Co.,2 Conn. L. Rptr. 757 (Nov. 15, 1990, Klaczak, J.) as persuasive authority. The court in Gottier stated that where there is nonjoinder, new parties may be added, and a motion to dismiss based on Conn. Practice Book 390(d) is an inappropriate remedy should a plaintiff fail to give notice to parties who have an interest in the premises. The court in Gottier, however, made no mention of Conn. Practice Book 389-90 and the relationship of those provisions to Conn. General Statutes 52-29, the statutory provision regarding declaratory judgments.
"The court has repeatedly stated that a declaratory judgment action is not a procedural panacea for use on all occasions but is a special statutory proceeding to be used only in accordance with the statute and rules adopted to implement the statute." Stephenson, Connecticut Civil Procedure 266, quoting Gannon v. Sanders, 157 Conn. 1, 6, 244 A.2d 397 (1968). All persons having a direct interest in the subject matter are required to be made parties or have reasonable notice. Kolenberg v. Board of Education, 206 Conn. 113, 124, 536 A.2d 577 (1988). The court has recognized strict adherence to this rule. Id. Failure to comply with the declaratory judgment notice requirement is a jurisdictional defect and a denial of due process, and may be raised even on appeal by the court sua sponte. Id., citing Tucker v. Maher, 192 Conn. 460, 468, 472 A.2d 1261 (1984). The theory behind the notice requirement was discussed in dicta in State v. Carey, 222 Conn. 299 (1992), where the court opined that 390(d) is not merely a procedural regulation. Id., 307. "It is in recognition and implementation of the basic principle that due process of law requires that the right of no man shall be judicially determined without affording him a day in court and an opportunity to be heard." Id., quoting Kolenberg v. Board of CT Page 3019 Education, 206 Conn. 113, 124, 536 A.2d 577 (1988).
In the present case the record reveals that only the named defendants and plaintiff Nardini have either been made parties or have notice thereof. It should be noted that defendants' memorandum fails to specifically state the parties who have an alleged interest in the premises.
The court should hold an evidentiary hearing to determine whether in fact they are persons having an interest in the property and therefore an interest in the subject matter of the complaint. See Standard Tallow v. Jowdy, 190 Conn. 48, 54,459 A.2d 503 (1983). In the alternative, the court may find sufficient defendant's description in his memorandum of the interested persons. Therefore, the court may find that plaintiff has not complied with Conn. Practice Book 390.
Since a declaratory judgment is a special proceeding under Conn. General Statutes 52-29 as implemented by 389-90 of the Conn. Practice Book, Rhodes v. Hartford, 201 Conn. 89, 92,513 A.2d 124 (1986), and because the courts require all persons having an interest in the subject matter of the complaint be made parties or have reasonable notice of the action as essential to the jurisdiction of a court to render a declaratory judgment, State v. Carey, 222 Conn. 299, 307, quoting Connecticut Insurance Guaranty Assn. v. Raymark Corporation, 215 Conn. 224, 229,575 A.2d 693 (1990), this court finds that it lacks subject matter jurisdiction over the first count of the plaintiff's complaint and therefore it is dismissed.
The defendant alternatively argues in its memorandum that there is a pending action between the parties and, because of that prior pending action, this action should be dismissed.
The raising of a claim of a prior pending action between parties is a permissible ground for a motion to dismiss, in addition to the grounds previously mentioned, supra. See Beaudoin v. Town Oil Co., 207 Conn. 575, 542 A.2d 1124 (1988). See also Halpern v. Board of Education, 196 Conn. 647,495 A.2d 264 (1985).
The prior pending action doctrine is a "rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." Halpern v. Board of Education, 196 Conn. 647, 652-53, 495 A.2d 264 (1985). The CT Page 3020 rule is not one "of unbending rigor, nor of universal application, nor a principle of absolute law." Beaudoin v. Town Oil Co., 207 Conn. 575, 589, 542 A.2d 1124 (1988), quoting Hatch v. Spofford, 22 Conn. 485, 494, 58 App.Div. 533 (1853). "It has long been the rule that when two separate lawsuits are virtually alike, the second action is amendable to dismissal by the court." Id., 583, quoting Henry F. Raab Connecticut, Inc, v. J. W. Fisher Co., 183 Conn. 108, 112, 438 A.2d 834 (1981). Dismissal is appropriate because when two lawsuits are virtually alike, there is no good reason or necessity for the second suit, thereby making the second suit oppressive and vexatious. Id., 584.
The defendant contends that because there exists a prior pending action between the two parties (CV-90-03024155) in the same court as the present case, this action should be dismissed.
The defendant, based on Halpern v. Board of Education,196 Conn. 647, 652, 495 A.2d 264 (1985), contends that the present action is of the same character and seeks the same ends (or, at least as those ends relate to Connecticut Insurance Placement Facility) as that of the prior action — to obtain proceeds for the plaintiff from the defendant insurance company. Therefore, the defendant argues, the plaintiff's complaints in both actions are virtually alike and require dismissal.
Conversely, the plaintiff argues that the first suit seeks monetary relief, whereas the second suit seeks a judicial determination as to the validity of a real estate conveyance. Because of this, the plaintiff insists the suits are of a different character and brought for a different purpose. Furthermore, the plaintiff relies on William E. Taber, Jr. v. Crista Building Contractors, Inc., 3 CSCR 427 (April 14, 1988, Kulawiz, J.) for the proposition that since the actions involved do not contain the same parties, they are not virtually alike, and therefore, not subject to dismissal. The plaintiff argues that the prior pending doctrine is not applicable and that the defendant's motion to dismiss should be denied. The prior pending action doctrine is applicable in the present case because the prayer sought in the first action is dependent on the relief sought in the present action and the possible liability of the common defendant is identical in both actions.
If the relief demanded in a second action could have been sought in the first action, then the fact that the prayer for relief in the two actions are not identical, is not dispositive CT Page 3021 of whether the doctrine would be applied. Zachs v. Public Utilities Commission, 171 Conn. 387, 393, 370 A.2d 984 (1976).
The first action between the plaintiff and defendant sounds in contract, the ultimate goal of the plaintiff being monetary relief through an insurable interest. The instant action sounds in property, seeking to ascertain whether a property conveyance is valid. Although the theories for recovery differ, a judgment against the defendant in the first suit would be predicated upon the same facts relied upon in the present action, namely, who is the actual owner of the property for purposes of receiving insurance proceeds. The judgment the plaintiff seeks in the present action is central to the resolution of whether the defendant insurance company is bound by the insurance contract, which is the gravamen of the complaint in the first action. Otherwise, it would be possible for the plaintiff to obtain a judgment in the present action, and, at the same time, have a judgment entered against it in the first, pending action.
It is true that, in some cases, the resolution of a present case while a prior case is pending can serve a dual purpose: it can settle the legal relationship of the parties while, at the same time, simplify the issues to be adjudicated in the pending actions or render them moot. See Leoni v. Water Pollution Control Authority, 21 Conn. App. 77, 83, 571 A.2d 153 (1990). However, the prior pending action alluded to in the complaint seeks the same ends (as it relates to Connecticut Insurance as does the present case, which is a judgment that would settle the legal relationship of the parties. Therefore, the relief demanded in the instant action could have been sought in the first action and is necessary in determining the legal relationship of the parties in the first action. Since the ultimate goals in both cases are not dissimilar, the action is dismissed.
In addition, parties do not have to be totally identical in the two suits, so long as the grounds for liability pleaded against the common defendant are the same in both actions. Cole v. Associated Construction Co., 141 Conn. 49, 103 A.2d 529
(1954). The common party may assert the pendency or the complaint in the first action, although new parties are added in the second action, so long as the possible liability of the common defendant is identical in both actions. Sachs v. Public Utilities Commission, 171 Conn. 387, 392, 370 A.2d 989 (1976) CT Page 3022
A new party, Timothy Burke, was added in the instant action. The possible liability of the common defendant, Connecticut Insurance, remains identical in both actions. Moreover, plaintiff's complaint in the present action states: "Wherefore, plaintiff claims a declaratory judgment: (1) determining whether or not the conveyance is voidable ab initio; (2) such other determination as the court finds necessary to adjudicate and fully declare the legal relations of the parties and/or the transfer of title." (Emphasis added.)
A plain reading of the complaint suggests that the plaintiff's request is twofold: the plaintiff not only seeks a declaratory judgment regarding the validity of the conveyance, but also seeks a declaratory judgment regarding the legal relationship which may exist between the plaintiff and the defendant, Connecticut Insurance Placement Facility. In both actions, the liability the plaintiff seeks to have the courts impose on the common defendant is identical — a judicial declaration ordering Connecticut Insurance to make the plaintiff "whole" by virtue of the previously executed insurance contract. since the claim against the common defendant is identical in both actions, the prior pending action doctrine applies and the case is dismissed.
Zoarski, J.