[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISS DATED OCTOBER 8, 1993 (#115.00) CT Page 4169
On March 18, 1993, the plaintiff, Connecticut Housing Finance Authority ("CHFA"), filed a one count complaint against Gary and Darlene Tobin ("Tobins"), husband and wife. The plaintiff alleges that the Tobins failed to pay installments of principal and interest due under a note entered into on May 18, 1990 for the amount of $127,300.00. The plaintiff now seeks to foreclose on the Tobins' property located at 85 Harlem Avenue, Bridgeport, Connecticut and to obtain a deficiency judgment.
On September 7, 1993, the defendants filed an answer with three special defenses and a two count counterclaim. In their first special defense, the defendants allege that the note and mortgage are voidable because CHFA materially misrepresented the value and condition of the Harlem residence. In their second special defense, the defendants allege that the note and mortgage are void because the plaintiff breached its duty pursuant to General Statutes 8-243. In their third special defense, the defendants allege that CHFA is not a holder in due course.
In the first count of the counterclaim, the defendants allege that CHFA breached its duty to warn the defendants of the presence of toxic levels of lead paint in their home pursuant to General Statutes 8-241 et seq. The defendants allege that the note and mortgage are voidable on the basis of this misrepresentation and nondisclosure. In the second count, the defendants allege the CHFA breached its duty to provide safe and adequate housing pursuant to General Statutes 8-243. Therefore, the defendants allege that the note and mortgage are void. In their prayer for relief, the defendants seek an order that the alleged note and mortgage are void, recovery of their closing costs, and an order of specific performance requiring the plaintiff to make the premises safe and habitable.
On October 13, 1993, CHFA filed a motion to dismiss the defendants, special defenses and counterclaim on the ground that the court lacks jurisdiction over the subject matter based on the prior pending action doctrine. On November 1, 1993, the defendants filed a memorandum of law in opposition to the motion to dismiss.
Pursuant to Practice Book 143(1), "a motion to dismiss . . . properly attacks the jurisdiction of the court, essentially CT Page 4170 asserting that the [nonmovant] cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "Whenever the absence of [subject matter] jurisdiction is brought to the notice of the court . . . cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Company v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982). "If the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed." Upson v. State, 190 Conn. 622, 626,461 A.2d 991 (1983). "The raising of a claim of prior pending action between parties is a permissible ground for a motion to dismiss. . . ." Nardini v. Connecticut Insurance Placement Facility,8 CSCR 459, 459-60 (May 10, 1993, Zoarski, J.); see Beaudoin v. Town Oil Co., 207 Conn. 575, 542 A.2d 1124 (1988).
CHFA argues in its memorandum of law that the court should dismiss the Tobins' special defenses and counterclaim on the ground that the court lacks subject matter jurisdiction. Specifically, CHFA maintains that the claims asserted in the special defenses and counterclaim are identical to claims asserted against CHFA in a prior pending lawsuit in the Judicial District of New Haven Tobin v. Connecticut Housing Finance Authority, Docket No. CV 92 0333231S. Therefore, CHFA argues that the prior pending action doctrine bars the court's consideration of the special defenses and counterclaim and, therefore, the court should grant its motion to dismiss.
In response, the Tobins argue that the court has subject matter jurisdiction over the special defense and counterclaim. The Tobins maintain that the issues raised by the special defenses and counterclaim are sufficient challenges to the making, validity, and enforcement of the note and mortgage. Also, the Tobins claim that the prior pending action is a tort action where they are seeking money damages on behalf of their minor child, Jillian Tobin, who suffered from lead poisoning from the paint used on the premises. The Tobins point out that the present case is a foreclosure action regarding enforcement of their note and mortgage. The Tobins argue that they are entitled to raise challenges to the enforcement of the note and mortgage by way of their special defenses and counterclaim despite the prior pending tort action. Accordingly, the Tobins urge the court to deny the motion to dismiss.
"By 1850, it was already `well settled, that the pendency of CT Page 4171 a prior suit between the same parties, for the same thing, [would generally] abate a latter suit; because, in such a case, the last is deemed to be unnecessary, and therefore vexatious.'" (Citations omitted.) Northern Homes Distributors, Inc. v. Grosch, 22 Conn. App. 93,95, 575 A.2d 711 (1990). "For the prior pending action doctrine to be invoked properly, both actions must be pending in the same state and they must involve the same parties and the same issues." (Citations omitted.) DeAngelis v. Manhattan Leasing, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 300986 (June 21, 1993). "This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Citations omitted.) Halpern v. Board of Education, 196 Conn. 647, 652-53,495 A.2d 264 (1985). "The prior pending action doctrine applies equally to claims and counterclaims." Conti v. Murphy, 23 Conn. App. 174,178, 575 A.2d 711 (1990). (Citations omitted.)
When two separate suits are "virtually alike", the second suit is generally dismissed on the basis of the prior pending action doctrine. Henry F. Raab Connecticut, Inc. v. J.W. Fisher Co.,183 Conn. 108, 112, 438 A.2d 834 (1981). "[W]e must examine the pleadings to ascertain whether the actions are `virtually alike.'" (Citations omitted.) Halpern v. Board of Education, supra, 653. "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for a [motion to dismiss]. . . ." Planning and Zoning Commission v. Campanelli, 9 Conn. App. 534, 536,520 A.2d 242 (1987). "The rule does not apply . . . when the two actions are for difference purposes or ends or involve different issues; citations omitted.); or where there is not a strict identity of the parties." (Citations omitted.) Conti v. Murphy, supra, 178 (the trial court erred in granting the plaintiff's motion to dismiss the defendant's counterclaim where the defendant's prior appeal from the probate court's final accounting of the estate and the defendant's present counterclaim that the plaintiffs fraudulently conspired, to prevent him from purchasing the property are not "virtually alike" even though both contain allegations of fraud because there was not strict identity of parties and the remedies sought were different.); see Breed v. Fleet Bank, Superior Court, judicial District of Hartford/New Britain at Hartford, Docket No. 505663 (August 14, 1992) (the court denied the defendant's motion to dismiss because the plaintiff's prior foreclosure action seeking a deficiency judgment and the plaintiff's present tort action alleging improper conduct of the defendant in influencing the appraisal process are not "virtually alike" because the two suits CT Page 4172 are not "of the same character:, adjudicate different rights, and seek different objectives.); Construction Services v. Sanseer Mill Association, 7 CSCR 425 (March 17, 1992, Arena, J.) (the court denied the defendant's motion to dismiss based on the prior pending action doctrine because the plaintiff's prior foreclosure action and the plaintiff's present action seeking an order enjoining the defendant from transferring his assets are not "virtually alike" where "the differences in the parties and the types of relief sought are more than superficial and the timing of the present action against [the defendant] is allegedly essential to the plaintiff's ability to secure its desired remedy.") But see Cole v. Associated Construction Co., 141 Conn. 49, 53, 103 A.2d 529
(1954) (the trial court properly granted the defendant's motion to dismiss where the plaintiff's counterclaim in the first foreclosure action and the plaintiff's complaint in the second action are "virtually alike" as the two actions involve the same parties and allege the same cause of action of fraudulent inducement to enter into a contract); Northern Homes Distributors, Inc. v. Grosch, supra, 93 (the trial court properly granted the plaintiff's motion to dismiss the defendant's counterclaim where the counterclaim, containing allegations that money was due on certain promissory notes, contained the same allegations as the defendant's prior pending suit seeking damages for breach of contract under the property agreement.); Nardini v. Connecticut Insurance Placement Facility, supra, 459 (the court granted the defendant's motion to dismiss where the plaintiff's prior pending suit, a declaratory judgment seeking to ascertain whether a property conveyance was valid, was determined to be "virtually alike" with the plaintiff's pending suit for money damages for breach of an insurance contract in that the two actions sought to adjudicate the issue of who owns the property for purposes of receiving insurance proceeds.)
The court must compare the Tobins' allegations raised in the prior pending tort action with the allegations contained in the counterclaim in order to determine whether the actions are "virtually alike". With regard to the prior pending action, the Tobins, on behalf of their minor daughter, filed a twenty six count complaint against CHFA and four other defendants. Only counts twenty-three through twenty-six are directed against CHFA. In count twenty-three, the Tobins allege that Jillian Tobin suffered from lead poisoning due to toxic levels of lead in the paint used in their home. As a result, the Tobins allege that CHFA breached its duty to ensure that the premises did not pose a hazard to its inhabitants pursuant to General Statutes 8-241 et seq. In count twenty-four, the Tobins allege a claim of emotional distress as a CT Page 4173 result of their child's personal injuries. In addition, the Tobins allege that they have incurred substantial medical bills and expenses as a result of CHFA's negligence and breach of its statutory duty. In count twenty-five, the Tobins, on behalf of Jillian Tobin, allege that CHFA violated Connecticut's Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a et seq. In count twenty-six, the Tobins themselves allege that CHFA violated CUTPA.
However, in the present action, CHFA seeks to foreclose on the Tobins' property and the Tobins subsequently filed the counterclaim in order to challenge the validity and enforcement of the note and mortgage. The prior pending action and the Tobins' counterclaim are not "virtually alike." The Tobins' prior pending action and the Tobins' counterclaim do not adjudicate the same underlying rights and do not seek "to obtain the same end or object." Therefore, the court denies the motion to dismiss the counterclaim as the allegations contained therein are not "virtually alike" to those raised in the prior pending action.
In addition, CHFA moves to dismiss the Tobins' special defenses on the ground of the prior pending action doctrine. However, the prior pending action doctrine only applies to claims which set forth a cause of action. See Cole v. Associated Construction Co., supra, 49. The prior pending action doctrine does not apply to special defenses.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and of that delict constitute the cause of action." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 546-47, 590 A.2d 914 (1991). In comparison, the purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action. Practice Book 164; see Commissioner of Environmental Protection v. National Can Corp., 1 Conn. L. Rptr. 272 (February 9, 1990, Corrigan, J.) A special defense is not a cause of action. Therefore, the court denies the plaintiff's motion to dismiss the Tobins' special defenses. CT Page 4174
MORAN, J.