[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The plaintiff brings this action in two counts. In the first count the plaintiff seeks a declaratory judgment that the defendant improperly revoked its charter in violation of the Constitution and By-laws of the Fraternal Order of Police. The plaintiff therefore claims that such revocation is a nullity.
In the second count, the plaintiff also alleges that the defendant improperly revoked its charter in the same manner as alleged in the first count. However, in the second count the plaintiff seeks money damages based upon the claim that the defendant tortiously interfered with the business relationship between the plaintiff and a fund-raising organization.
The defendant has moved to dismiss this action for lack of subject matter jurisdiction based upon the prior pending action doctrine. In support of its motion, the defendant submits a complaint pending in the Superior Court in Danbury in which the defendant herein is the plaintiff, and the plaintiff herein is the defendant. In the Danbury case, the plaintiff in that action alleges that it has revoked the charter of the defendant in that action and seeks injunctive relief in the form of an order that the defendant in the Danbury case (the plaintiff in this action), be restrained from continuing to conduct business and return its books and records to the State Lodge. In a second count in the Danbury case the plaintiff therein alleges a CUTPA violation.
The plaintiff in this action opposes the motion to dismiss claiming that the prior pending action doctrine does not apply since the plaintiff in the New Haven case seeks money damages for the tortious interference with a business relationship which is a form of relief or a claim which is not involved in the Danbury case.
The court agrees with the argument of the defendant that the prior CT Page 10742 pending action doctrine applies and therefore the New Haven case (the second of the two to be filed) must be dismissed. The Danbury case necessarily involves a determination as to whether the defendant properly revoked the plaintiff's charter, which is the exact issue that the plaintiff seeks to be adjudicated in the first count of this action.
As to the second count of the New Haven case, while the relief sought may be different, it too requires a determination of whether the defendant's conduct in terminating the plaintiffs charter was wrongful. See Par Painting, Inc. v. Greenhorne O'Mara, Inc., 61 Conn. App. 317,325 (2001). Such a determination necessarily involves deciding whether the plaintiffs charter was or was not properly revoked.
The fact that the remedy sought in the second action may be different from that sought in the first does not preclude the application of the prior pending action doctrine if the ultimate goal in both cases is not dissimilar. Northern Homes Distributors, Inc. v. Grosch,22 Conn. App. 93, 97 (1990). Here, the ultimate goal of both parties is to obtain an order of the court relative to the propriety of the revocation of the plaintiffs charter. As to the claim of tortious interference with a business relationship, the defendant agrees that such claim may be interposed as a counterclaim in the Danbury case.
The motion to dismiss is therefore granted.
 ________________________ BRUCE W. THOMPSON, JUDGE