[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint alleges that on or about September 23, 1988 the plaintiff Howard Mastroberti applied to the defendant Centerbank for a residential real estate mortgage loan. The plaintiff's mortgage application included information which indicated that the plaintiff intended to use his then current residence as income property. The plaintiff provided this information to the defendant Centerbank and its employee Kenneth Doyon and relied on the duty of these defendants to keep such information confidential. The complaint alleges that the defendant Kenneth Doyon transmitted this information to his brother, the defendant Joel Doyon. The second count of the complaint alleges that the Doyon brothers conspired to use the aforementioned financial information by disclosing it to the Litchfield Zoning Commission and the Torrington Area Health District. The fourth count of the complaint further alleges that the defendant Centerbank, through the actions of its authorized agent and employee Kenneth Doyon, breached its fiduciary obligation to the plaintiff by disclosing confidential financial information.
The defendants Kenneth Doyon and Joel Doyon move to strike the second count of the complaint on the grounds that Connecticut does not recognize a cause of action for civil conspiracy. While technically there does not exist a cause of action for conspiracy, one can nevertheless bring an action for damages caused by acts committed pursuant to a conspiracy. Benoit v. Amalgamated Local 299, 150 Conn. 266, 276 (1963); Cole v. Associated Construction Co., 141 Conn. 49, 54 (1954). Stated another way, "the gist of a civil action for conspiracy is not the conspiracy as such, but the damage caused by acts committed pursuant to a formed conspiracy." Governors Grove Condominium Assn., Inc. v. Hill Development Corp., 36 Conn. Sup. 144, 151 (1980). All conspirators are civilly liable for damage resulting from any overt act committed by one of them pursuant to the conspiracy. Id. at 152. Since the plaintiff seeks to collect damages for the alleged conspiracy, he must be allowed to plead facts stating such a conspiracy. Therefore, count two of the complaint cannot be stricken.
The fourth count of the complaint states that through the actions of the defendant Kenneth Doyon the defendant Centerbank breached its duty to keep certain information confidential. The fourth count also alleges CT Page 3685 that Kenneth Doyon had a duty to keep such information confidential. A motion to strike admits all well-pleaded facts and those facts necessarily implied from the allegations of the complaint. Amodio v. Cunningham,182 Conn. 80, 82 (1980). Therefore, for the purposes of this motion, the plaintiff has sufficiently alleged the defendant Kenneth Doyon's breach of a fiduciary duty.
Accordingly, the motion to strike is denied.
McDONALD, J.