[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: MOTION TO STRIKE
This is a memorandum of decision on a Motion to Strike, dated May 3, 1996, filed by third party defendant, Cornelia Ford, CT Page 4974 against the defendants Leon C. Hirsch and Turi Josefsen, concerning their revised third party complaint dated April 15, 1996. The third party defendant, Cornelia Ford, has moved to strike the three counts of the revised third party complaint sounding in fraudulent conspiracy to commit extortion, intentional infliction of emotional distress and tortious interference with business expectancy. The Motion to Strike claims that the allegations of each of the three counts falls to state a cause of action upon which relief can be granted.
 FACTS
The plaintiff, Gizella Biro, commenced a lawsuit against the defendants, Leon C. Hirsch, Turi Josefson and U.S. Surgical Corporation in a six count complaint dated June 15, 1994. An amended complaint, dated August 4, 1994, is the operative complaint. The plaintiff's amended complaint contains six counts: sexual assault against Leon C. Hirsch, battery against Hirsch, battery against Turi Josefson, eavesdropping against Hirsch and U.S. Surgical Corporation, unlawful withholding of wages against Hirsch, Josefson and U.S. Surgical Corporation, and intentional infliction of emotional distress against Hirsch, Josefson and U.S. Surgical Corporation. This court has granted summary judgment in favor of Hirsch and U.S. Surgical Corporation on the count of eavesdropping. The other counts are still in the pleading stage.
Prior to the filing of the complaint, the plaintiff, demanded $15,000,000.00 from the defendants. In anticipation of a press conference to be held by the plaintiff, the three defendants, held a press conference on May 27, 1994. They characterized the claims and demands by the plaintiff as extortion and referred the matter to law enforcement authorities at that time. The plaintiff filed her complaint on June 15, 1994, returnable July 5, 1994. It was served on June 16, 1994 and filed with the court clerk on June 17, 1994. On June 16, 1994, the plaintiff held a press conference, which received substantial coverage by local and national media. The contents of the resulting media coverage are alleged in the defendants' three count third party complaint against Cornelia Ford.
On November 6, 1995, defendants Hirsch and Josefson filed a twelve count counterclaim against the plaintiff, Gizella Biro, alleging a violation of the Federal Racketeer Influenced and Corrupt Organizations statute (RICO), fraudulent conspiracy to CT Page 4975 commit extortion, defamation, false light invasion of privacy, intentional infliction of emotional distress, two separate counts of vexatious litigation, common law larceny, breach of oral contract, conversion, fraud, and tortious interference with business expectancy. The pleadings on these counterclaims are not yet closed.
Also on November 6, 1995, the defendants, Hirsch and Josefson, by order of the Superior Court, cited in the third party defendant, Cornelia Ford, pursuant to their third party complaint. The original three count third party complaint was revised on April 15, 1996. This revised third party complaint is the subject of the Motion to Strike. Memoranda of Law were filed by all parties and this court heard oral argument.
The matter was initially returned to the Superior Court J.D. of Fairfield at Bridgeport. At a later date the civil presiding judge recommended that this matter be assigned to the complex civil litigation docket. On June 16, 1998, the matter was transferred to the complex civil litigation docket at Waterbury and thereafter, the matter was transferred to the complex civil litigation docket at Stamford. The defendants' objections to the transfer to the complex civil litigation docket were heard by the undersigned and denied.
 DISCUSSION OF LAW
This motion to strike tests the legal sufficiency of a pleading. Practice Book Section 10-39(a)(1) (formerly Practice Book Section 152(1)) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education,195 Conn. 90, 93 (1985). For the purposes of determining the motion, it admits the truth of the facts well pleaded but will not admit legal conclusions or the truth or accuracy of opinions of the pleader. Verdon v. Transamerica Insurance Co.,187 Conn. 363, 365 (1982). The courts cannot assume a fact, that has not been alleged. Mingachos v. CBS Inc., supra, 196 Conn. 108. The court must construe the facts in the complaint most favorably to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). If facts provable in the complaint support a cause of action, or any part of the complaint is valid, the motion to strike must be denied. Doyle v. A P Realty Corp. , 36 Conn. Sup. 126, 127
(1980). Water Commissioners v. Robbins, 82 Conn. 623, 633 (1910). CT Page 4976
 FRAUDULENT CONSPIRACY TO COMMIT EXTORTION
Count one of the revised third party complaint dated April 15, 1996 is categorized by the defendants as fraudulent conspiracy to commit extortion. The third party defendant, Cornelia Ford, is described in the complaint as "a person employed by the plaintiffs to select schools for Biro's children to attend." The third party complaint states that the plaintiff; "Biro was employed as a housekeeper by Hirsch and Josefson from approximately October 1988 until May 1994." It further states that "In or about April, 1994, Biro, entered into a combination or conspiracy with Eva Kale (Kale), another person employed as a housekeeper by the plaintiffs, and Ford," and "that the purpose and object of this combination and conspiracy was to compel the plaintiffs, through threats of uttering and publishing false, malicious and scandalous statements of and concerning them, to pay to Kale and Biro large sums of money in return for their refraining from such malicious and unlawful conduct."
Except for two paragraphs of the 35 paragraph first count, all alleged actions are attributable to Gizella Biro and/or Biro's agents at the June 16, 1994 press conference. Cornelia Ford is not alleged to be one of Biro's agents at this press conference. The third party complaint describes in graphic detail the newspaper articles printed after the press conference. These details relate to the sexual assault, battery or eavesdropping counts. The newspapers, which published results of the June 16, 1994 press conference, are the Hartford Courant, Stamford Advocate, USA Today, Wail Street Journal, Connecticut Post, New Haven Register, Newsday and Norwalk Hour. The allegations contained in the defendants' April 15, 1996 third party complaint against Cornelia Ford are detailed, graphic, and repetitive. On more than one occasion the defendant has plead that Biro alleged at the press conference that she was a "sex slave."
The only two paragraphs that have alleged affirmative actions by Cornelia Ford, state as follows, (1) "In furtherance of this combination or conspiracy, and commencing in or about May 1994, Ford advised Biro to commence legal action against the plaintiffs, and assisted Biro in retaining an attorney to commence said legal action." and (2) "In furtherance of this ongoing combination and conspiracy, such activity commencing in or about May of 1994, culminated on June 16, 1994, when an attorney and agent retained by Gizella Biro upon the advise and CT Page 4977 with the assistance of Ford, held a press conference, attended by numerous media representatives, in which said attorney and agent stated that Biro was bringing a lawsuit against the plaintiffs, and detailed Biro's claims against the plaintiffs." The only other mention of Ford is in the last paragraph of the first count, in which the defendants allege, "Ford is justly liable to the plaintiffs for all the damages and injuries they have suffered as a result of the combination or conspiracy alleged herein."
"There is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself." Cole v.Associated Construction Co., 141 Conn. 49, 54 (1954). The necessary elements for the defendants' conspiracy count are: (1) The allegation of a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object of the scheme; and (4) damages incurred by the plaintiff as a result of the act. Marshak v. Marshak, 226 Conn. 652, 665
(1993); Williams v. Maislen 116 Conn. 433, 437 (1933); Jones v.O'Connell, 189 Conn. 648, 662 (1983). "All conspirators are civilly liable for the damage resulting from any overt act committed by one of them pursuant to the combination." GovernorsGrove Condominium Assoc. Inc. v. Hill Development Corp. ,36 Conn. Sup. 144, 152 (1980). Defendants claim that the unlawful object alleged in the plaintiffs complaint is extortion. The defendants point to the statutory definition under the criminal statutes. "A person obtains property by extortion when he compels or includes another person to deliver such property to himself or a third person by means of instilling in him a fear that if the property is not so delivered, the action of another will . . . (E) expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule." General Statutes § 53a-119 (5).
Ford claims that these pleadings fail to allege the performance of "a criminal or unlawful act or the performance of a lawful act by criminal or unlawful means." She points to paragraph 11 of the first count, wherein Hirsch and Josefson assert that the counsel for Biro at the press conference stated that, "Biro was bringing a lawsuit against the plaintiffs, and detailed Biro's claims against the plaintiffs." Thus Ford claims judicial immunity for the statements attributable to Biro at the CT Page 4978 press conference. Petyan v. Ellis, 200 Conn. 243, 245 (1986):Honan v. Dimyan, 52 Conn. App. 123, 134-35 (1999).
A similar set of allegations is contained in the counterclaim Hirsch and Josefson have filed against Biro. Eva Kale is alleged as the co-conspirator in that counterclaim. Cornelia Ford is not mentioned in the counterclaim. A motion to strike the fraudulent conspiracy to commit extortion count of the above referred counterclaim was filed by Biro. The same arguments were made by counsel including invocation of judicial immunity, in both motions to strike. In a well reasoned opinion, the motion to strike was denied. Biro v. Hirsch, superior court J.D. of Fairfield, docket number CV 94 0314442 S. February 5, 1998 (Skolnick, J), 1998 Ct. Supp. 1491. Judge Skolnick concluded that the four elements of civil conspiracy had been alleged against Biro after construing the pleadings most favorable to the pleader. He ruled that there was no absolute immunity for the press conference. This court agrees with this opinion.
The instant action against Ford is different. The defendants chose not to include any actions by Ford as part of the conspiracy in the Biro counterclaim. Therefore, this court can only conclude from the entire pleadings, that the defendants have alleged Fords sole participation was the recommendation of an attorney for Biro. That act, in and of itself is not "a criminal or an unlawful act or a lawful act by criminal or unlawful means." Ford is only included in the tail end of a general conspiracy allegation. The defendants have not alleged any act by Ford as part of the conspiracy. The defendants have just plead a conclusion that Ford was part of the conspiracy or combination. Although the defendants have sufficiently pled a fraudulent conspiracy to commit extortion count against Biro, the revised third party complaint against Ford is insufficient.
The court, therefore, grants the Motion to Strike as to the count one of the revised third party complaint dated April 15, 1996.
 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
There are four elements of count two, a tort of intentional infliction of emotional distress; (1) the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was a likely result of his conduct; (2) the conduct was extreme and outrageous; (3) the defendant's, CT Page 4979 conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. Murrayv. Bridgeport Hospital, 40 Conn. Sup. 56, 62 (1984); Drew v.K-Mart, 37 Conn. App. 239, 251 (1995); Petyan v. Ellis, supra,200 Conn. 253. In her motion to strike Cornelia Ford claims that there are no allegations in the complaint that her conduct, "was extreme or outrageous." "There is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." DeLaurentis v. New Haven,220 Conn. 225, 266-67 (1991). Petyan v. Ellis, supra, 200 Conn. 254, n. 5. "A line can be drawn between slight hurts which are the price of a complex society and the severe mental disturbances inflicted by intentional actions wholly lacking in social utility." Whelan v. Whelan 41 Conn. Sup. 519, 522-23 (1991)Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 20 (1991) "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." Whelan v.Whelan, supra, 41 Conn. Sup. 523.
Ford claims the protection of absolute judicial immunity by reason of filing a lawsuit. The press conference was in support of those allegations. Every thing published by the newspapers is supported by allegations contained in a pending lawsuit, a public document.
Construed in the light most favorable to the defendants, this court does not find that the alleged actions of Cornelia Ford advising Gizella Biro to hire an attorney displayed a deliberate will to harm, that is characteristic of outrageous behavior or tended to exploit any particular weakness of the name of defendants, or engaged in any predatory behavior. Randall v.Halloran Sage, et al, superior court J.D. of Hartford/New Britain at Hartford, Docket number 532629, February 14, 1995 (Wagner, J), 1995 Ct. Sup. 1489. Parsons v. United TechnologyCorporation, Sikorsky Aircraft Division, superior court, J.D. of Fairfield, Docket number 280394 (April 5, 1994) (Ford, J.),1994 Ct. Sup. 3658; Petyan v. Ellis, supra, 200 Conn. 243 (conduct not extreme and outrageous where former employer stated to the unemployment compensation division that the plaintiff was fired for unsatisfactory performance, fraud and lying); Mellaly v.Eastman Kodak Co, supra, 42 Conn. Sup. 17 (conduct did reach such level of outrageousness requiring issue to go to trier of fact, CT Page 4980 where plaintiff's supervisor allegedly taunted and harassed the plaintiff about his alcoholism and recovery, indiscriminately yelled and screamed at the plaintiff regarding his recovery from alcoholism and frequently threatened the plaintiff with the loss of his job.)
The court grants the motion to strike as to count two.
 TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY
Count three of the revised third party complaint filed by Hirsch and Josefson, alleges, a claim of tortious interference with business expectancy. There are two elements Cornelia Ford claims have not been plead and therefore the Motion to Strike should be granted. The claimed missing elements are:
1) No allegation of a separate tort since this motion to strike the first two counts should be granted and, 2) Failure to allege a contract or beneficial relationship.
A claim of tortious interference with business expectancy must contain an allegation that the defendant's conduct was in fact tortious. Robert S. Weiss and Associates v. Wiederlight,208 Conn. 525, 536 (1988). "This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation. . . . or that the defendant acted maliciously." Blake v. Levy, 191 Conn. 257, 261 (1983); KeckoPiping Co. v. Monroe, 172 Conn. 197, 201-02 (1977). In addition the claimant must allege that a contractual or beneficial relationship existed and that the defendant, with knowledge of that relationship, intentionally sought to interfere with that relationship, causing the plaintiff to suffer actual loss. The interference must occur without justification with contractual rights with knowledge thereof Rumbin v. Baez, 52 Conn. App. 487,1482 (1999); Soloman v. Aberman, 196 Conn. 359, 364 (1985).
The defendants revised their third party complaint to flesh out the claim of a business loss. The original third party complaint dated November 6, 1995 alleged, "Fords tortious misconduct, as set out above, tortiously interfered with the plaintiffs' business relations, present and future, with others with whom the plaintiffs presently or might, in the future, do business or engage in economical relations." The current revised third party complaint, restates the same allegations. It adds that the allegations were reported in national, regional and CT Page 4981 local media and further states that "Fords tortious misconduct was directed towards Hirsch and Josefson, who are both executives in an international business, United States Surgical Corporation."
These revised allegations are conclusionary. They do not allege with specificity what business was interfered with. No contract is alleged. There is no delineation of the type of damage sustained. There is no allegation of a termination of employment, breach of contract, or failure to fulfill a contract. Since this court has already stricken the first two counts, there is no longer any allegation of a separate tort. Rumbin v. Baez, supra 52 Conn. App. 492
In the event, that these broad allegations are permitted to stand, any person who suffered a tort would be entitled to add a tortious interference count, provided they were employed. This is not Connecticut law. No authority for that theory has been provided.
The Motion to Strike the count three of the revised third party complaint is granted.
 CONCLUSION
This court concludes that none of the three counts of the revised third party complaint dated
April 15, 1996 state a cause of action. The entire revised third party complaint, dated April 15, 1996, is Stricken.
So Ordered.
TIERNEY, J.