[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
On June 16, 1998, the plaintiff filed a ten count complaint against the defendant alleging negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, recklessness, unjust enrichment, breach of the covenant of good faith and fair dealing, invasion of privacy, civil conspiracy and unfair trade practices. The claims arise out of an alleged incident involving the defendant's participation in a fraudulent transaction in which the plaintiffs daughter purchased and obtained financing for an automobile by forging the plaintiffs signature. CT Page 5889
According to the allegations in the complaint, on May 24, 1995, the plaintiffs daughter signed her mother's name on the requisite purchase and financing documents with the knowledge and participation of the defendant. As part of the agreement. an automobile owned by the plaintiff, which was purchased in 1994 by the plaintiff from the defendant, was to be traded in for the daughter's car.
On June 7, 1995, the plaintiff executed the necessary paperwork to transfer her automobile. Subsequently, the plaintiff inquired into the reason her name was included on the purchase and financing documents even though she did not sign them. According to the complaint, the defendant's agent told the plaintiff that her daughter "said it was ok" and not to worry because her daughter "will pay for the car." Complaint, Count One, ¶ 11.
On July 17, 1996, the plaintiff's daughter died in an automobile accident involving the automobile she purchased from the defendant. The automobile was declared a total loss. On July 31, 1996, the plaintiff learned that her name was listed on the financing account for the automobile, and in December of 1997, the plaintiff received her credit report which indicated that the account had been charged off.
On August 21, 1998, the defendant filed a motion to strike the fourth, fifth, sixth, seventh, ninth and tenth counts of the complaint on the basis that each count fails to state a claim upon which relief may be granted. On March 3, 1999, the plaintiff filed a memorandum in opposition to the defendant's motion to strike, arguing that each count sufficiently states a cause of action. In addition, on April 12, 1999, the plaintiff filed a supplemental memorandum of law.
 I.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
CT Page 5890 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachosv. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) LiljedahlBrothers, Inc. v. Grinsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). The court "must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Bhinder v. SunCo., 246 Conn. 223, 226, 717 A.2d 202 (1998). Therefore, the court must view the facts "in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly probable under them." (Internal quotation marks omitted.) Zeller v. Mark, 14 Conn. App. 651, 654,542 A.2d 752 (1988).
 II. A.
The defendant argues that the court should grant its motion to strike count four of the complaint because the complaint fails to plead the necessary elements to sustain a claim of fraud. The plaintiff responds that her complaint sufficiently pleads the elements of fraud.
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed." (Internal quotation marks omitted.) Billington v. Billington, 220 Conn. 212, 217,595 A.2d 1377 (1991). "The essential elements of an action in common law fraud . . . are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Weisman v. Kaspar, 233 Conn. 531,539, 661 A.2d 530 (1995). "`All of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery.' Bradley v. Oviatt, 86 Conn. 63, 67, 84 A. 321 (1912); see also Kilduff v. Adams, Inc., 219 Conn. 314, 329-30,593 A.2d 478 (1991)." Citino v. Redevelopment Agency of Hartford,51 Conn. App. 262, 275-76, 721 A.2d 1197 (1998). CT Page 5891
The defendant argues that the complaint fails to establish the first and second elements of a cause of action for fraud because the complaint fails to allege that a false representation was made to the plaintiff as a statement of fact. In addition, the defendant argues that the complaint fails to establish the third and fourth elements because the complaint does not allege that the defendant induced the plaintiff to take action nor that she in fact took any action to her injury.
While the plaintiff argues in response that ¶¶ 10 and 11 of the first count, incorporated by reference into the fourth count, allege that an employee of the defendant stated that the car would be paid for and that the plaintiff should not worry, even construing these allegations in a light most favorable to the plaintiff the complaint fails to state a cause of action in fraud.
First, as a threshold matter, the complaint fails to allege that the defendant's employee engaged in any deception or concealment by his statement. Second, the complaint fails to allege any false representation was made as a statement of fact; not only does the complaint fail to allege how the statement constituted one of fact (as opposed to mere belief or opinion) but the complaint fails to allege that the statement was untrue. Third, the complaint fails to allege that the statement induced the plaintiff to act upon it or that the plaintiff did in fact act upon it to her injury. Accordingly, the motion to strike count four of the complaint is granted.
 B.
The defendant argues that the court should grant its motion to strike count five of the complaint because the complaint fails to establish a sufficient claim for common law recklessness. According to the defendant, the plaintiffs recklessness count merely relies upon the same allegations as her negligence count. The plaintiff argues that her complaint sufficiently establishes a claim for recklessness.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to CT Page 5892 take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988). Reckless conduct has been defined as that which "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention."' Id., 533, quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214. "[I]t `requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and . . . the actor `must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent."' Rogers v.Doody, 119 Conn. 532, 535, 178 A. 51 (1935), quoting 2 Restatement (Second), Torts § 500, comment g.
"A cause of action claiming . . . reckless misconduct is `separate and distinct' from a cause of action alleging negligence." Belagaer v. Village Pub I, Inc., 26 Conn. App. 509,513, 603 A.2d 1173 (1992), quoting Kostiuk v. Oueally,159 Conn. 91, 94, 267 A.2d 452 (1970). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A claim for wanton and reckless misconduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v. Francis, Superior Court, judicial district of New London at New London, Docket No. 518276 (August 13, 1992, Leuba, J.), citing Sheiman v.Lafayette Bank Trust Co., supra, 46. "Where one count of a complaint sounds in negligence and another count attempts to state a cause of action for recklessness by relying on the same fact pattern as the negligence count and simply [refers] to such conduct as reckless, a cause of action for recklessness has not been sufficiently alleged." (Internal quotation marks omitted.)Sullivan v. Hocon Gas, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 331786 (July 16, 1997, Hartmere, J.) (20 Conn. L. Rptr. 77, 77).
Count five of the plaintiff's complaint merely incorporates by reference the allegations in ¶¶ 1 through 14 of the first count, CT Page 5893 which establish the general factual background for the negligence cause of action. Paragraph 15 of count five, which sets forth specific ways in which the defendant was allegedly reckless, is identical to ¶ 15 of count one, except that the paragraph uses the term "reckless" instead of "negligent and/or careless." In short, the allegations in count five are identical to those in count one except for the use of the conclusory term "reckless" in place of the term negligent and/or careless" in ¶ 15. The recklessness count relies on the same fact pattern as the negligence count and merely refers to conduct alleged as reckless in a bare and unsupported conclusion. Count five fails to allege any behavior on the part of the defendant demonstrating highly unreasonable conduct, involving an extreme departure from ordinary care. Accordingly, the motion to strike count five of the complaint is granted.
 C.
The defendant argues that the court should grant its motion to strike count six of the complaint because the complaint fails to establish a sufficient claim for unjust enrichment. The plaintiff counters that her complaint sufficiently establishes such a claim.
"The elements of unjust enrichment are well established. Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiff's for the benefit, and (3) that the failure of payment was to the plaintiff's detriment." (Internal quotation marks omitted.) Ayotte Brothers ConstructionCo. v. Finney, 42 Conn. App. 578, 581, 680 A.2d 330 (1996); seeHartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.,231 Conn. 276. 283. 649 A.2d 518 (1994).
The allegations in count six fail to state a claim for unjust enrichment. Count six incorporates by reference ¶¶ 1 through 14 of count one. Apart from the legal conclusion found in ¶ 15 of count six alleging that "[t]he defendant has been unjustly enriched by reason of its fraudulent use of the plaintiff's forged signature," the count in no way relates any facts to a claim for unjust enrichment. Count six fails to allege that the defendant was benefitted [benefited], that the defendant unjustly did not pay for such benefit or that any failure of payment was to the plaintiffs detriment. The plaintiffs cause of action for unjust enrichment is simply inapplicable to the present circumstances. CT Page 5894 Accordingly, the motion to strike count six of the complaint is granted.
 D.
The defendant argues that the court should grant its motion to strike count seven of the complaint because the complaint fails to establish a sufficient cause of action for a breach of the implied covenant of good faith and fair dealing. According to the defendant, the plaintiff has failed to allege that any agreement the plaintiff entered was not performed to her satisfaction, or that any contract was breached. The plaintiff argues that her complaint sufficiently establishes such a claim because her complaint alleges that the defendant obtained and misused her social security number from the previous automobile purchase she made from the defendant. Thus, according to the plaintiff, the defendant acted in violation of the reasonable expectations of the plaintiff that the information she provided in the prior transaction would not be utilized for other unrelated transactions.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v. Condon, 224 Conn. 231, 238, 618 A.2d 501
(1992). "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. . . . Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citations omitted; internal quotation marks omitted.) Magnan v. Anaconda Industries, Inc., 193 Conn. 558,556-57, 479 A.2d 781 (1984).
A claim for a violation of the implied covenant of good faith and fair dealing is simply inapplicable in the context of the facts as alleged in the plaintiffs complaint. The implied covenant is a method of construing contracts to fulfill the reasonable expectations of contracting parties as they intended in the agreement. A claim for a violation of the implied covenant is properly tied to an allegation that a party has acted in bad faith or has unfairly dealt with another party to a contract and has, therefore, improperly injured the right of the other to CT Page 5895 receive the benefits of that agreement. The plaintiff has failed to properly relate any allegations in the complaint to an injury of her right to receive the benefits of an agreement as a result of the defendant's bad faith or unfair dealing in the performance of a contract between the parties. Accordingly, the defendant's motion to strike count seven of the complaint is granted.
 E.
The defendant argues that the court should grant its motion to strike count nine of the complaint because (1) there exists no cause of action for civil conspiracy, and (2) even if there does exist such a cause of action, the complaint fails to establish a legally sufficient claim for civil conspiracy. The plaintiff responds that her complaint sufficiently pleads a cause of action for civil conspiracy.
Contrary to the defendant's argument, civil conspiracy is a viable cause of action in Connecticut. In Cole v. AssociatedConstruction Co., 141 Conn. 49, 54, 103 A.2d 529 (1954), the court merely noted in dicta that, technically speaking, the terminology "a civil action for conspiracy" is improper because the action is not for damages caused by the conspiracy itself. Rather, a claim for civil conspiracy "is for damages caused by acts committed pursuant to a formed conspiracy." Id. The discussion in Cole in no way eviscerated a claim for civil conspiracy in Connecticut. See, e.g., Bardon Tool ManufacturingCo, v. The Torrington Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 473455 (October 31, 1996, Arena, J.); Talit v. Peterson, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 054320 (September 27, 1995, Blue, J.) (15 Conn. L. Rptr. 166);Mastroberti v. Centerbank, Superior Court, judicial district of Litchfield, Docket No. 052779 (November 16, 1990, McDonald, J). Accordingly, the defendant's motion to strike on the basis that there exists no cause of action for civil conspiracy is without merit.
"The contours of a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." (Internal quotation marks omitted.) Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964
CT Page 5896 (1993).
The defendant argues that the complaint fails to allege "the existence of a scheme the object of which was to cause the plaintiff damage" under the third and fourth prongs of the civil conspiracy claim. Defendant's Memorandum of Law in Support of Motion to Strike, p. 14. The elements of a cause of action for civil conspiracy do not, however, require allegations that the object of the scheme was to cause damage to the plaintiff; rather, in order to properly state a cause of action, the plaintiff must simply allege, under prongs (3) and (4), that the act was done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, and that the act results in damage to the plaintiff. The plaintiff's complaint alleges that her daughter forged her name (the unlawful act) with the knowledge and participation of the defendant (the combination) in order to obtain financing for the automobile (the object), and that such activity caused the plaintiff to suffer damage. See Complaint, Count Nine, ¶¶ 7, 9. Construing these allegations most favorably to the plaintiff, the complaint sufficiently states a cause of action for civil conspiracy. Accordingly, the defendant's motion to strike count nine of the complaint is denied.
 F.
Finally, the defendant argues that the court should grant its motion to strike count ten of the complaint, alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), because the complaint alleges only a single, isolated instance of misconduct by the defendant and, accordingly, fails to state a sufficient claim under CUTPA. The plaintiff argues that her complaint sufficiently pleads a cause of action under CUTPA, relying solely upon Norwich Savings Society v. Caldrello,38 Conn. App. 859, 663 A.2d 415, cert. denied, 235 Conn. 927,667 A.2d 553 (1995). According to the plaintiff, Norwich SavingsSociety v. Caldrello indicates that a single act of misconduct can support a claim under CUTPA.
Contrary to the plaintiff's contention, Norwich SavingsSociety v. Caldrello is not instructive. However, this court finds persuasive the well-reasoned opinion in Roncari DevelopmentCo. v. GMG Enterprises, Inc., 45 Conn. Sup. 408, 429-30,718 A.2d 1025 (1997), which determined that a single act of misconduct can constitute a violation of CUTPA. Accordingly, the defendant's CT Page 5897 motion to strike count ten of the complaint is denied.
 III.
For the foregoing reasons, the defendant's motion to strike counts four, five, six and seven is granted; the motion to strike counts nine and ten is denied.
Peck, J.