[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
 I. INTRODUCTION
By way of a nine-count twice amended complaint, dated September 10, 1999, the Plaintiff, John C. Barber, brought this action against all Defendants for breach of contract (First Count), breach of fiduciary duty (Second Count), tortious interference with business relations (Third Count), intentional interference with business relations (Fourth Count), fraud (Fifth Count), civil conspiracy (Sixth Count), violation of the Connecticut Unfair Trade Practices Act (CUTPA) (Seventh Count), unjust enrichment (Eighth Count) and an accounting (Ninth Count). The Defendants, Stephen Glick, Sally Glick, Glick Financial Services, Inc. (GFS), Coordinated Financial Resources (C.F.R.) and the Chamber Insurance Trust (CIT), move to strike the Fifth, Sixth and Seventh Counts of the operative Second Amended Complaint (complaint). Additionally, the Defendants move to strike either the Third or Fourth Count of the complaint. Oral arguments were heard on the motion during short calendar on January 3, 2000. The motion to strike either the Third or Fourth Count was denied from the bench. Further, the Plaintiff consented to the motion to strike the Seventh Count. Therefore, this decision will only deal with the motion to strike the Fifth and Sixth Counts.
"The purpose of a motion to strike is to contest . . . the CT Page 926 legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [Plaintiff], to determine whether the [Plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996).
 II. FIFTH COUNT
In the Fifth Count, Plaintiff alleges that he and the Defendants entered into a partnership agreement to sell insurance products, that the Defendants breached the agreement, and that the Defendants never had any intention of complying with the terms of the agreement. (¶¶ 8-9.) Plaintiff further alleges that the Defendants lulled him into fully cooperating with the terms of the partnership agreement as a means to use the Plaintiffs "extensive insurance database" and his experience, which the Defendants lacked. (¶ 10.) Finally, Plaintiff alleges that in reliance on the partnership agreement he declined other business opportunities "to devote all of his resources to collectively building a business with the Defendants to [his] detriment." (¶ 11.)
The Defendants move to strike the Fifth Count on the ground that the Plaintiff has not complied with the request to revise this count and provide more particularity as to the claim, as ordered by Judge Peck. (See order dated August 16, 1999.) The Defendants have not provided any authority to support the proposition that failure to comply with a request to revise should be addressed in a motion to strike.
Practice Book § 17-31 states, in relevant part, that "[w]here either party is in default by reason of failure to comply with Section . . . 10-35 [the practice book section devoted to requests to revise,] the adverse party may file a written motion for a nonsuit or default. . . ." "The proper procedure in cases where a party has failed to comply with a request to revise is to file a motion for default or nonsuit CT Page 927 pursuant to Practice Book § 363 [now 17-31]. Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370, 378 n. 12,477 A.2d 648 (1984)." Gregory v. Anson Getty, Inc., Superior Court, judicial district of New Haven, Docket No. 9608 7721 (Apr. 15, 1997, Levin, J.). This motion, therefore, is not properly before the court. Accordingly, the motion to strike the Fifth Count is denied.
 III. SIXTH COUNT
Defendants also move to strike the Sixth Count on the ground that there is no recognized civil cause of action for conspiracy in Connecticut. As a subsection of this argument, Defendants contend that 1) a claim for civil conspiracy based on allegations which themselves form the basis for other causes of action in the complaint cannot stand as an independent cause of action for civil conspiracy; and 2) assuming the Plaintiff has a separate cause of action for civil conspiracy, he has nonetheless failed to allege the necessary elements for such a claim. Plaintiff counters that Connecticut does in fact recognize a cause of action for civil conspiracy and it has been sufficiently pleaded in the complaint. The court agrees with the Plaintiff.
"[C]ivil conspiracy is a viable cause of action in Connecticut. In Cole v. Associated Construction Co., 141 Conn. 49, 54,103 A.2d 529 (1954), the court merely noted in dicta that, technically speaking, the terminology `a civil action for conspiracy' is improper because the action is not for damages caused by the conspiracy itself. Rather a claim for civil conspiracy `is for damages caused by acts committed pursuant to a formed conspiracy.' Id. The discussion in Cole in no way eviscerated a claim for civil conspiracy in Connecticut. See, e.g., Bardon Tool Manufacturing Co., v. The Torrington Co., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 473455 (October 31, 1996, Arena, J.); Talitv. Peterson, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 054320 (September 27, 1995, Blue,J.) (15 Conn. L. Rptr. 166); Mastroberti v. Centerbank, Superior Court, judicial district of Litchfield, Docket No. 052779 (November 16, 1990, McDonald, J.)." Conduah v. Herb Chambers,Inc., Superior Court, judicial district of Hartford, Docket No. 580919 (May 28, 1999, Peck, J.). Accordingly, the motion to strike on the basis that there exists no cause of action for civil conspiracy is without merit. See Id.
CT Page 928 The second argument, that even if there is indeed a separate cause of action for civil conspiracy the complaint does not state all the requisite elements for such a claim, is equally unpersuasive. The elements required to sustain a cause of action for civil conspiracy "are: 1) a combination between two or more persons, 2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, 3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, 4) which act results in damage to the Plaintiff." (Internal quotation marks omitted.) Marshak v. Marshak,226 Conn. 652, 665, 628 A.2d 964 (1993).
Plaintiff has alleged that the Defendants acted in concert to defraud the Plaintiff out of earned commissions, wrongfully terminate him and unjustly interfere with his contract or business relationships, among other items. (¶¶ 8-9.) Plaintiff further alleges that several acts amounted to a "furtherance" of the conspiracy. (¶ 9.) Finally, the Plaintiff alleges that he has been and continues to be damaged by `Defendants' ongoing unlawful acts." These acts, as alleged, sufficiently state a claim for civil conspiracy.
Finally, the contention that a claim for civil conspiracy cannot stand when its allegations also form the basis for other causes of action is without precedent. The Defendants rely CDCTechnologies, Inc. v. IDEXX Labs., Inc., 7 F. Sup.2d 119, 131 (D. Conn. 1998), to support this proposition. (Defendants' Memorandum, p. 11.) CDC cites Marshak v. Marshak, 226 Conn. 652,665-66, 628 A.2d 964 (1993), in so holding. After a careful reading of CDC, however, this Court declines to interpret Marshak
in the same manner. In the opinion of this Court, Marshak simply reiterates the elements of the tort of civil conspiracy. Nowhere does Marshak hold, explicitly or implicitly, that the allegations of a claim for conspiracy cannot be comprised of allegations that form the basis of other claims. To so hold would force Plaintiffs, for example, to choose between filing a claim for fraud, with its requisite allegations, and filing a claim for conspiracy to commit fraud. Both of these claims will necessarily include overlapping allegations. The difference, however, is that the civil conspiracy claim requires the allegation that two or more persons acted in concert with one another. For the foregoing reasons, the motion to strike the Sixth Count is denied.
 IV. SUMMARY
CT Page 929 The motion to strike the Fifth and Sixth Counts is denied.
David L. Fineberg Superior Court Judge